*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

### PYLE *v.* PYLE.

1. If a man arrested under a bastardy process, marry the woman pregnant with the child of which he is the putative father, the marriage is good, unless it clearly appears that the charge was false.

2. The mere unsupported denial of the man of the truth of the charge, is not sufficient in proceedings for divorce to establish its falsity.

3. The court after discharging a rule for divorce, on motion referred the case back to the examiner to take additional testimony.

Opinion delivered June 14, 1873, by

ALLISON, P. J.　The proceedings for divorce, instituted by the husband, are grounded upon the allegation of force or duress.　The testimony shows that he was arrested upon the oath of the respondent, which charged seduction under promise of marriage.　When brought together in the office of the alderman, the libellant promised to marry the respondent in two weeks from that time, whereupon the proceedings were dismissed, and the defendant discharged.　This was on the 6th of May, 1872.　Four days thereafter, the respondent again made oath against the libellant, charging that he was about to abscond.　He was again arrested and taken before the alderman, who states in his testimony: "I told Mr. Pyle, before he offered to marry the respondent, that as she had sworn that he had seduced her under promise of marriage, I would have to hold him to bail to answer the charge.　He then said, 'I will marry her now.' I then married them, and after the ceremony, I discharged the libellant." This is confirmed by the testimony of the constable.

The libellant was examined as a witness.　His statement is, that " the respondent, her brother, and the alderman told me that if I did not marry the respondent, I would be imprisoned.　The respondent and her brother

threatened to send me to the penitentiary for three years, if I did not marry her. Under these threats, and fearing they would send me to the penitentiary, I consented to the marriage. I never seduced the respondent, and never promised to marry her, until after she had me arrested.''

The material facts denied by the libellant stand unsupported by any other testimony in this cause, and we think of no value. As shown by the testimony, he put in no denial of the seduction under promise of marriage, upon either arrest, upon both occasions promising to marry the respondent. Nor is his statement of threats of imprisonment corroborated ; negatively, it is contradicted. The testimony of both the alderman and the constable is, that he was informed that he would be required to enter bail to answer the charge.

It has been held in Jackson *v.* Winne, 7 Wendell 47, that if a man has been arrested under a bastardy process, as the putative father of the child, of which the woman procuring the arrest is pregnant, marry her, even though being unable to procure bail, he do it purely to avoid being imprisoned, and though it afterwards appear that he could have made a successful defence, still the marriage is good. Scott *v.* Shufeldt, 5 Paige 43, is to the same effect. The doctrine seems to be qualified that it would perhaps be different if the arrest was under a void process, or upon a false charge. Story on Contracts, §§ 88, 89.

In Collins *v.* Collins, 2 Brewster 515, it was decided by this court that the falsity of the charge is essential, and Judge Brewster, who delivered the opinion in that case, found as a fact established by the testimony, that the charge was false, and the threat to imprison was upon process sued out maliciously and without probable cause.

In this case, we do not feel ourselves justified in reaching a similar conclusion upon the unsupported testimony of the libellant, and, therefore, discharge the rule, and refuse the divorce prayed for.

And now, to wit, June 14, 1873, on motion of T. W. Arundel, Esq., the report of the examiner is referred back to him to take additional evidence.